IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARNO RHODES MYERS, III, § | |
| Plaintiffs, § | |
| § | Civil Action No. 3:10-CV-0363-G (BF) |
| v. § | |
| § | |
| KAUFMAN COUNTY, JUSTICE OF THE § | |
| PEACE PERRY and ROCKWALL § | |
| COUNTY, § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the October 26, 2010 Motion to Dismiss of Kaufman County, Texas, Rockwall County, Texas, and Justice of the Peace Johnny Perry ("Defendants") (doc. 23). The time to file a response has expired, and Plaintiff has failed to respond.

Arno Rhodes Myers, III ("Plaintiff") alleges that he was falsely arrested by Kaufman County and falsely imprisoned by Rockwall County. (U.S.M.J.'s Quest. Ans. 3.) He also names Justice of the Peace Johnny Perry as a defendant but does not allege any specific claims against Perry. Defendants contend the case should be dismissed for failure to state a claim upon which relief may be granted.

**Analysis**

In determining whether dismissal should be granted under Rule 12(b)(6), a court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). To defeat the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plaintiff's "factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (Citation and footnote omitted.) However, legal conclusions need not be accepted as true. *Ashcroft v. Iqbal*, ___U.S.___ 129 S.Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Because Plaintiff in this case is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75. "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *Id.* (citing *Hughes v. Rowe*, 449 U.S. at 9).

Even construing Plaintiff's Complaint liberally, it does not comply with FED. R. CIV. P. 8(a) and is dismissible pursuant to Rule 12(b)(6). In his Complaint, Plaintiff alleges that the State of Texas[1] did falsely arrest, falsely imprison, and physically abuse Plaintiff in early April 2009. However, the Complaint contains no facts to support the allegations. Plaintiff's Response to the United States Magistrate Judge's Questionnaire alleges that Kaufman County did falsely imprison Plaintiff and Rockwall County did falsely arrest Plaintiff. To support these claims, Plaintiff simply says the charges were dropped. Plaintiff provides nothing more than mere conclusory statements, and his allegations are not sufficient to raise a right to relief above the speculative level.

The Court finds that Defendant has shown that it is entitled to dismissal with prejudice

---

[1] The State of Texas was originally named as a Defendant in the Complaint but was terminated as a party after Plaintiff submitted his Response to the United States Magistrate Judge's Questionnaire.

pursuant to 12(b)(6).

## RECOMMENDATION

The Court recommends that the District Court grant Defendants' Motion to Dismiss for failure to state a claim upon which relief may be granted and dismiss with prejudice Plaintiff's claims against Defendants.

SO RECOMMENDED, December 2, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE